IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MINLANDO YOUNG, )
)
    Plaintiff, )
)
v. ) No. 1:15-cv-00050
) Senior Judge Haynes
TENNESSEE DEPT. OF CORR., et al., )
)
    Defendants. )

**MEMORANDUM**

Plaintiff, Minlando Young, an inmate at the South Central Correctional Facility in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Tennessee Department of Correction and Correctional Corporation of America for alleged violation of Plaintiff's Eighth Amendment right to medical care.

According to his complaint, Plaintiff slipped and fell on wet stairs in the Bedford County Jail in August 2013, tearing tendons in his left knee. Plaintiff had knee surgery on November 20, 2013, but he was transferred to the custody of the Tennessee Department of Correction before his scheduled December 6th post-operation appointment. Plaintiff was not transported for that appointment. Plaintiff alleges that he was denied necessary post-operation rehabilitation and suffered complications and infection in his injured knee as the result of inadequate medical care and accommodation. Plaintiff alleges that on February 7, 2014, his surgeon determined that a second surgery would be required due to the lack of rehabilitation provided after the first surgery. Yet, Plaintiff alleges that he was not provided with rehabilitation until April 2014. Plaintiff's rehabilitation ended on May 27, 2014, "with little to no improvement."

Plaintiff further alleges that on September 1, 2014, his surgeon advised him in essence that a second surgery would not be effective because of the Department's or CCA's refusal to honor rehabilitation orders after the first surgery. A second surgery was allegedly scheduled for March 2015,[1] that Plaintiff alleges was with the expectation that Plaintiff would be released on parole soon thereafter and could access quality post-surgical care. Plaintiff alleges that in March 2015, the prison doctor informed him that his surgery and all medical care related to his knee injury were being denied because of Plaintiff was granted parole and was set for release in November 2015.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e, the Court must conduct an initial review of any civil complaint filed in forma pauperis, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e©. After this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

The dismissal standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). For the initial review, "a complaint must contain

---

[1] In light of the chronology set out in the complaint, the Court presumes that Plaintiff's reference to a surgery scheduled for March 2014 was a typographical error and that the correct date was March 2015.

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits.").

To state a § 1983 claim, Plaintiff must allege plausible facts of a deprivation of rights secured by the Constitution and laws of the United States that "was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

As an initial matter, the Court concludes that most of Plaintiff's allegations of inadequate medical care are barred by the applicable statute of limitations. Because § 1983 does not provide its own limitations period, federal courts apply the state personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989); *Wolfe v. Perry*, 412 F.3d 707, 713-714 (6th Cir.

2005); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The statute of limitations in Tennessee for personal injury or for damages actions brought under federal civil rights statutes is one year. Tenn. Code Ann. § 28-3-104(a); *Roberson*, 399 F.3d at 794. Application of this one-year statutory limitations period in § 1983 cases for deliberate indifference to medical needs is not subject to a continuing violations doctrine, because instances of denied medical care are "discrete unlawful acts." *Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 466–67 (6th Cir. 2010). Accordingly, all of Plaintiff's claims arising before May 19, 2014,[2] must be dismissed as time-barred. Only Plaintiff's claim about the 2015 denial of his second knee surgery is subject to review on the merits. Yet, evidence of acts or omissions prior to May 19, 2015 may be relevant.

Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To state a claim arising from allegedly inadequate medical care under the Eighth Amendment and § 1983, a plaintiff must allege that the defendant was deliberately indifferent to his serious medical needs, meaning that the defendant knew of and disregarded a substantial risk of serious harm to the plaintiff's health. *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009) (citing *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005) and *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994)).

For the objective component of this test, a "serious medical need" is "either one that has

---

[2]Under the Prison Mailbox rule, Plaintiff's complaint is deemed filed on the date he deposited it in the prison mail system for delivery to the Court. *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004). Because there is no date stamp or other evidence to the contrary, that date is presumed to be May 19, 2015 – the date on which Plaintiff signed his complaint. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013) (quotation marks and citations omitted). By alleging that a surgeon has "determined that a second surgery was needed," the Court concludes Plaintiff's allegations satisfy this component.

The subjective component of a deliberate indifference claim requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

To establish the subjective component of this alleged violation, a prisoner must plead plausible facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). A defendant's state of mind is sufficiently culpable to satisfy the subjective component of an Eighth Amendment claim when it amounts to a reckless disregard of a substantial risk of serious harm; behavior that is merely negligent will not suffice. *Farmer*, 511 U.S. at 835-36.

Allegations of medical malpractice or negligent diagnosis and treatment fail to state an

Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Thus, when a prisoner has received some medical attention but disputes the adequacy of that treatment, the federal courts are generally reluctant to second-guess the medical judgments of prison officials and thus to constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n.5.

Yet, "in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." *Id.* An alleged delay in providing medically necessary surgery, with resulting injury, can state a claim for deliberate indifference under the Eighth Amendment. *Fuller v. Harris Cnty.*, 137 F. App'x 677, 679 (5th Cir. 2005). By alleging that prison officials are denying him medical care simply because he is ostensibly nearing his release date, without regard to his condition or the seriousness of his medical needs, Plaintiff has satisfied this component.

Plaintiff names the Tennessee Department of Correction ("TDOC") as a Defendant to this action. Neither a State nor a state agency is not a "person" within the meaning of § 1983, and is therefore not a proper defendant. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983.") *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

The Defendant Corrections Corporation of America ("CCA"), a private corporation that performs a traditional state function, acts under the color of state law for purposes of § 1983, but cannot be found liable solely on the basis of *respondeat superior*. *Thomas v. Coble*, 55 F. App'x 748, 748-49 (6th Cir. 2003). For CCA to be liable, an inmate must allege plausible facts that his

injury was caused by an official CCA policy or custom. *Id.* at 749 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir.1996).

Construing Plaintiff's factual allegations liberally for the purpose of initial review, the denial of Plaintiff's recommended surgery and other medical care "due to the fact that [he has] made parole" could be the result of an official policy or custom of denying medical care to inmates nearing their release dates. Denial of necessary medical care on the basis of potential impending release states a colorable claim for deliberate indifference to medical needs. *McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004) (no qualified immunity for defendants, finds that the plaintiff's "allegation that he was denied urgently needed treatment for a serious disease because he might be released within twelve months of starting treatment sufficiently alleges deliberate indifference to withstand a Rule 12(b)(6) motion."). Thus, the Court concludes that Plaintiff's complaint states a claim against CCA on which process shall issue.

For these reasons, process shall issue against CCA for the claim of deliberate indifference to Plaintiff's medical needs, but only on claims arising before May 19, 2015. The Defendant TDOC should be dismissed.

An appropriate Order is filed herewith.

ENTERED this the 10th day of December, 2015.

William J. Haynes, Jr
Senior United States District Judge